UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| J.T. HAND, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: |
| v. | ) ) ) | |
| BEACH ENTERTAINMENT, LLC d/b/a SHARK BAR, | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

COMES NOW Defendant Beach Entertainment KC, LLC d/b/a Shark Bar[1] ("Shark Bar"), by and through its counsel, Foland, Wickens, Roper, Hofer & Crawford, P.C., and respectfully requests that this action be removed from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri under 28 U.S.C. § 1441(a) on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.[2] In support of this Notice of Removal, Shark Bar alleges as follows:

## BACKGROUND

1. On July 25, 2018, plaintiff J.T. Hand (hereinafter, "Plaintiff") served a copy of the First Amended Class Action Petition for Damages (the "Amended Complaint"), which is included in **Exhibit A** attached hereto. The Amended Complaint was filed on behalf of Plaintiff and a proposed class of similarly situated persons against Shark Bar in the Circuit Court of Jackson County, Missouri, asserting putative class claims. This action is captioned in the State

---

[1] Improperly named by Plaintiff in the Plaintiff's Amended Petition as Beach Entertainment, LLC d/b/a Shark Bar.

[2] By removing this case, Shark Bar does not waive, but expressly reserves, any and all defenses available to it.

Court as follows: *J.T. Hand, individually and on behalf of others similarly situated, v. Beach Entertainment, LLC d/b/a Shark Bar*, Case No. 1816-CV10996 ("Action").

2. Plaintiff did not serve Shark Bar with a copy of the complaint when he commenced the Action.

3. Plaintiff alleges that Shark Bar is liable to Plaintiff and each putative class member for statutory and regulatory violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. § 64.1200, *et seq.* (Am. Compl. ¶¶ 12-13, 41-44, Counts I-IV.)

4. Specifically, Plaintiff asserts four causes of actions against Shark Bar: Count I, Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii); Count II, Violations of the TCPA, 47 C.F.R. § 64.1200(d); Count III, Violations of the TCPA, 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2); and Count IV, Violations of the TCPA, 47 C.F.R. 64.1200(d)(3). (Am. Compl. ¶¶ 67-109.)

5. Based on the allegations of the Amended Complaint and for the reasons discussed below, Shark Bar timely removes this action pursuant to 28 U.S.C. § 1331 (federal question).

## FEDERAL QUESTION JURISDICTION

6. This Action may be removed pursuant to 28 U.S.C. § 1441(a) if it is one "of which the districts courts have original jurisdiction."

7. This Court has original jurisdiction over Counts I, II, III and IV of Plaintiff's Amended Complaint, pursuant to 28 U.S.C. § 1331, because they are causes of action arising under the laws of the United States, namely the TCPA, 47 U.S.C. § 227, *et seq.*, and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.* (Am. Compl. Counts I – IV).

8. On January 18, 2012, the United States Supreme Court issued its decision in *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012) and found, in a unanimous decision, that

the TCPA's grant of jurisdiction to state courts does not deprive federal district courts of federal-question jurisdiction over private rights of action with respect to claims arising out of the TCPA. *Id.* at 368.

9. Accordingly, removal of this Action is proper on the sole basis that, pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's claims, and is timely and properly removed by the filing of this Notice.

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10. Because this Court may exercise original jurisdiction over this Action pursuant to 28 U.S.C. § 1331 (federal question), removal is proper pursuant to 28 U.S.C. § 1441(a).

11. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Shark Bar was served with the Amended Complaint on July 25, 2018, and is filing this Notice of Removal within thirty (30) days of service. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *see also Groh v. JPMorgan Chase Bank, N.A.*, No. 14-CV-578-W-DGK, 2014 WL 4930649, at *3 (W.D. Mo. Oct. 1, 2014) ("Formal service is required to trigger the removal statute's thirty-day time period.")

12. Defendant has not filed a responsive pleading in the Action.

13. Venue is proper in this District under 28 U.S.C. § 1446(a) because this District embraces the place where the removed action is pending.

14. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders received by Shark Bar in this Action are annexed to this Notice of Removal as **Exhibit A**.

15. Contemporaneously herewith, Shark Bar has given Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

16. Pursuant to the requirements of 28 U.S.C. § 1446(d), Shark Bar files a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri. A copy of that notice is attached hereto as **Exhibit B** (without exhibits).

17. A copy of the Civil Cover Sheet is attached as **Exhibit C**.

18. This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending.

WHEREFORE, Shark Bar respectfully requests that the Action captioned as *Hand v. Beach Entertainment, LLC*, Case No. 1816-cv10996, pending in the Circuit Court of Jackson County, Missouri, be removed to this Court, and that this Court exercise its subject matter jurisdiction over this Action, and for such other relief as the Court may deem just and proper.

Dated: August 23, 2018

Respectfully submitted,

*/s/ Jacqueline M. Sexton*
W. James Foland                #25022
Jacqueline M. Sexton           #53262
Foland, Wickens, Roper, Hofer & Crawford, P.C.
1200 Main Street, Suite 2200
Kansas City, MO 64105
(816) 472-7474
(816) 472-6262 Facsimile
Email: jfoland@fwpclaw.com
       jsexton@fwpclaw.com
**Attorneys for Defendant**
**Beach Entertainment KC, LLC d/b/a Shark Bar**

Of Counsel:
Lauri A. Mazzuchetti (*pro hac vice to be submitted*)
KELLEY DRYE & WARREN LLP
One Jefferson Road
Parsippany, New Jersey 07054
(973) 503-5900
lmazzuchetti@kelleydrye.com

*Attorneys for Defendant*
*Beach Entertainment KC, LLC d/b/a Shark Bar*

4

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 23rd day of August, 2018, the foregoing was sent via electronic and First Class mail to counsel for Plaintiff:

Aristotle N. Rodopoulos
Wood Law Firm LLC
1100 Main Street
Suite 1800
Kansas City, MO 64105
ari@woodlaw.com

William Charles Kenney
Bill Kenney Law Firm LLC
1100 Main Street
Suite 1800
Kansas City, MO 64105
bkenney@billkenneylaw.com
**Attorneys for Plaintiffs**

　　　　　　　　　　　　　　　　　　　　*/s/ Jacqueline M. Sexton*
　　　　　　　　　　　　　　　　　　　　**Attorneys for Defendant**
　　　　　　　　　　　　　　　　　　　　**Beach Entertainment KC, LLC d/b/a Shark Bar**