IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J.T. HAND, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: 4:18-CV-00668 ) |
| BEACH ENTERTAINMENT KC, LLC, d/b/a SHARK BAR, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER**

Pending before the Court is Plaintiff J.T. Hand's motion for approval of class notice plan. Doc. 217. Defendants Beach Entertainment, Entertainment Consulting International, LLC, and The Cordish Companies, Inc. contend the notice plan utilizes a flawed methodology and is overly broad. Doc. 225. Because the class notice plan constitutes the best notice that is practicable under the circumstances and otherwise conforms with Rule 23's requirements, the Court grants Hand's motion.

**I.    Background**

In this Telephone Consumer Protection Act case, Hand states that he and other class members received text messages that they had not consented to from Defendants advertising products and services for Shark Bar, a food and drink establishment in Kansas City, Missouri. Under Section 227(c)(5), any person who has "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may bring suit. 47 U.S.C. § 227(c)(5). The regulations further state that no person or entity shall make any telephone solicitation to "[a] residential telephone subscriber

1

who has registered his or her number on the national do-not-call registry of persons who do not wish to receive telephone solicitations. . ." 47 C.F.R. § 64.1200(c)(2). The Court previously certified a Do-Not-Call Class (DNC Class) consisting of "[a]ll individuals on either the SendSmart or Txt Live[1] Class Lists who received more than one text message from Shark Bar in any twelve-month period to a number included on the national do-not-call registry." Doc. 206. The DNC Class contains approximately 17,576 telephone numbers, which were obtained by cross referencing the SendSmart and Txt Live lists with the national do-not-call list to isolate individuals who received more than one message within one year. *Id.* at 53; Doc. 217, p. 3. Hand retained Kurtzman Carson Consultants LLC (KCC) to compile the DNC Class and develop the proposed notice plan. Doc. 217, pp. 1-2.

The plan includes three notice methods: post card mailers, emails, and a case-specific website. Doc. 217, p. 3. KCC performed reverse phone number look-ups using multiple directories to associate the phone numbers with U.S. mailing addresses. Doc. 217, p. 3. Through this process, KCC linked 16,876 phone numbers with a mailing address, constituting more than 96% of the DNC Class. *Id.* Additionally, 4,446 phone numbers are associated with email addresses which were obtained from DNC Class Members at the same time that Defendants obtained their phone numbers. The notice plan dictates that notice will be sent to each email address, and if an email address is undeliverable or if an email address is not available for that DNC Class Member, a postcard notice will be sent to the U.S. mailing address associated with the phone number. The email and postcard notices will include the web address for a case-specific website to be created and maintained by KCC. Information about the

---

[1] SendSmart and Txt Live are computer programs that were used to send the text messages in question, and these programs keep lists of telephone numbers that were sent the text messages.

litigation including the long form notice, documents relevant to the case, answers to frequently asked questions, Class Counsel contact information, and DNC Class members' options and rights will be included on the website. Finally, all three notice forms will include a toll-free phone number that DNC Class Members can call to speak to a live operator. Hand argues the notice plan is the best practicable under the circumstances, and asks the Court to approve the plan. Doc. 217, p. 5. Defendants filed a response to Hand's motion, expressing concern that the notice plan will create unnecessary confusion, and arguing the notice plan should be modified in two respects. Doc. 225.

## II. Discussion

### A. Rule 23 Requirements

Pursuant to Rule 23, "[f]or any class certified under Rule 23(b)(3). . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). "The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." *Id.* Providing class notice is not an exact science, and the specific mechanics of the notice process is "subject only to the broad reasonableness standards imposed by due process." *Stuart v. State Farm Fire and Casualty Co.*, 332 F.R.D. 293, 297 (D. Ark. 2019) (quoting *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975)). Due process requires that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1153 (8th Cir. 1999). Individual notice must be sent to class members "whose names and addresses may be ascertained through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173

3

(1974). The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. Fed. Jud. Ctr., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* 3 (2010). Finally, district courts have "broad power and discretion vested in them by [Rule 23]" in determining the parameters of appropriate class notice. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345 (1979).

Hand's proposed notice plan meets these requirements. Specifically, the notice plan seeks to contact each class member through mail or email, and a website. Doc. 217. Courts have found similar plans incorporating mail, email, and a website sufficient, and the Court sees no reason to find otherwise here. *See, e.g.*, *Hashw v. Dep't Stores Nat'l Bank*, 182 F.Supp.3d 935, 942 (D. Minn. 2016). As required by Rule 23, the content of the notice includes the nature of the action, definition of the certified class, class claims, issues, or defenses, that a class member may enter an appearance through an attorney if so desired, that the Court will exclude from the class any member who requests exclusion, the method and timeline for requesting exclusion, and the binding effect of a class judgment on members. *See* Docs. 217-2, 217-3, 217-4 (proposed email notice, mail notice, and long form notice). Finally, the notice plan is slated to reach more than 90% of the class members, which satisfies the Federal Judicial Center's recommendation of at least 70%. Finding that Hand's notice plan comports with Rule 23's requirements, the Court turns to Defendants' arguments.

### B. Defendants' Response to Hand's Notice Plan

Defendants' response to Hand's motion argues the notice plan is both unreliable and deficient, and proposes at least two modifications. Doc. 225.

#### i. Whether Hand's NDNCR Analysis is Unreliable

4

Defendants argue Hand's methodology for identifying phone numbers on the National Do Not Call Registry (NDNCR) is unreliable because Hand failed to utilize an expert, resulting in an overly broad list of class members. Doc. 225, p. 11-12. Defendants cite no authority for the proposition that an expert is required in performing NDNCR analysis, but they nonetheless express concern that KCC did not perform the NDNCR analysis itself to formulate the DNC Class list. Doc. 225, p. 7. To the extent Defendants' arguments attack Hand's compilation of the DNC Class list, those arguments are unavailing because the Court previously certified the DNC Class as well as the methodology for compiling the DNC Class list. Doc. 206, pp. 48-54. Hand's pending motion is not an opportunity to relitigate those topics. *McKeage v. Bass Pro Outdoor World, LLC*, 2014 WL 12754996, at *5 (W.D. Mo. Oct. 7, 2014) (holding, on a motion to approve notice plan, that "the decision to certify the class has been made and will not be re-litigated").

To the extent Defendants' arguments attack the breadth of the DNC Class, those arguments are also unavailing. Courts refuse to approve class notice plans when they are impermissibly overbroad. For example, where there is no link between individuals who may have provided their contact information to the defendant and the target class members, courts have rejected notice plans. *See, e.g.*, *Yeoman v. Ikea U.S.W., Inc.*, 2013 WL 5944245, at *4-5 (S.D. Cal. Nov. 5, 2013) (rejecting proposal for email notice to all of Ikea's customers for whom Ikea has email information, including approximately 1 million addresses obtained before the relevant class period); *Jermyn v. Best Buy Stores, L.P.*, 2021 WL 5187746, at *7 (S.D.NY. Dec. 6, 2010) (finding that individual notice by email was improper where Best Buy's email list would provide notice to an overinclusive group of individuals because there was "no link between customers who have shared their email addresses with Best Buy and customers who

5

were denied a price match") . Here, however, that problem does not arise because the email addresses and mailing addresses to which notice will be directed are linked to phone numbers texted by Defendants during the relevant class period. Hand does not suggest sending notice to every individual for which Defendants have contact information. There is a link between individuals who provided their contact information to Defendants and the target class, and the Court will not reject Hand's notice plan on the basis of being overbroad.

### ii. Whether Hand's Reverse Look-Up is Unreliable

Defendants argue Hand's reverse look-up is unreliable because there are more than 5,200 mismatches between the name associated with a phone number compared to the names of the text recipients reflected in Shark Bar records. Doc. 225, p. 13. Hand responds that overbreadth is not fatal to a proposed notice plan. Doc. 229, p. 4.

Rule 23 requires "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* The reverse look-up method is consistently used to identify contact information for class members, and has been found to constitute a reasonable effort as required by Rule 23. *See, e.g.*, *Knapper*, 329 F.R.D 245 (accepting class notice plan using reverse look-up methodology in case alleging violation of the Telephone Consumer Protection Act); *Wojcik v. Buffalo Bills, Inc.*, 2014 WL 11332303 (M.D. Fla. Apr. 17, 2014) (same). Even if the reverse look-up results in some people receiving notice who are not class members, overbreadth does not require Hand to proffer a different notice plan. *See McKeage*, 2014 WL 12754996, at *5 (holding that class notice may proceed even if there is a chance that a non-class member will receive notice).

Hand offers several reasons why a benign mismatch may appear, including use of a partial name, nickname, legally changed name, or that the name returned in the reverse look-up

6

resides at the same address as the person in Shark Bar's record. Doc. 229, p. 5. The Court agrees that these explanations may clarify the mismatches, and that even if these explanations fail to account for all of the mismatches, the discrepancies identified by Defendants do not suffice as rationale to reject Hand's notice plan. *McKeage*, 2014 WL 12754996, at *5 (collecting cases allowing" notice to proceed even when there is a potential that non-class members will receive the notice"). Finally, "courts have found that, should the subscriber of a group [texting] plan who receives notice differ from the person that received the [text] at issue, 'subscribers are typically in the best position possible to identify the phone's user,' if it is not the subscriber.'" *Chinitz v. Intero Real Estate Services*, 2020 WL 7042871, at *4 (N.D. Cal. Dec. 1, 2020) (quoting *Knapper v. Cox Comm'ns, Inc.*, 329 F.R.D 238, 245 (D. Ariz. 2019)). Hand's approach is practicable under the circumstances, and despite Defendants' complaints with the reverse look-up methodology, Defendants also fail to put forth any alternative options. *See Hashw*, 182 F.Supp.3d at 946 (holding that notice 'need not be perfect; it must only satisfy the broad reasonableness standards imposed by due process"); *Chinitz*, 2020 WL 7042871, at *4 (approving class notice plan over the defendant's objection where the plan used a reverse look-up methodology to determine contact information in Telephone Consumer Protection Act, and the defendant put forth no alternative plan).

### iii. Whether the Form of the Class Notice is Deficient

Finally, Defendants argue that the form of the class notice is deficient because it fails to state that individuals who have an existing business relationship (EBR) with Shark Bar do not have a claim. Doc. 225, pp. 14-15. Defendants posit that a reasonable person would consider this information to be material in making an informed, intelligent decision of whether to opt out or remain a member. *Id.* at 15. Hand responds that neither Rule 23(c) nor due process requires

7

that every possible outcome or ramification of evidentiary decisions be presented and explained to the class in the notice. Doc. 229, pp. 6-7. The parties point to no cases, and the Court is unaware of any authority, holding that affirmative defenses must be explained in the class notice. In the absence of such a requirement, the Court finds Hands' proposed class notice is not deficient in this regard. *See Petrovic*, 200 F.3d at 1153 (holding that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Defendants also state that the long form notice informs recipients that they need not attend the trial, but that Defendants reserve the right to call as witnesses individuals receiving notice. Doc. 225, p. 15. Defendants argue that at a minimum, the statement that individuals need not appear at trial should be deleted. *Id.* Hand responds that Defendants failed to identify any other notice plan in which class members were warned that their attendance was required or a possibility. Further, Hand suggests the phrase "unless otherwise notified" can be added to remedy Defendants' concern. The Court finds this compromise should alleviate Defendants' concern, and Hand must modify the long form notice to include the sentence: "Unless otherwise notified, you do not need to attend trial."

### III.  Conclusion

Because the proposed class notice plan conforms with the requirements of Rule 23, Hand's motion for approval of class notice plan, Doc. 217, is granted.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: January 19, 2021
Jefferson City, Missouri