UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| J.T. HAND, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>BEACH ENTERTAINMENT KC, LLC d/b/a SHARK BAR; THE CORDISH COMPANIES, INC.; ENTERTAINMENT CONSULTING INTERNATIONAL, LLC<br><br>*Defendants.* | Case No.: 4:18-cv-00668-NKL<br><br>Hon. Nanette K. Laughrey |
| J.T. HAND, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>vs.<br><br>ARB KC, LLC d/b/a ANGELS ROCK BAR; THE CORDISH COMPANIES, INC.; ENTERTAINMENT CONSULTING INTERNATIONAL, LLC<br><br>*Defendants.* | Case No.: 4:19-cv-00108-NKL<br><br>(consolidated with Case No.: 4:18-cv-668-NKL)<br><br>Hon. Nanette K. Laughrey |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

These consolidated matters coming before the Court on Plaintiff's Motion for and Suggestions in Support of Final Approval of Class Action Settlement, Doc. 288, between Plaintiff J.T. Hand ("Plaintiff") and Defendants Beach Entertainment KC, LLC d/b/a Shark Bar ("Shark Bar"), ARB KC, LLC d/b/a Angels Rock Bar ("ARB"), Entertainment Consulting International, LLC ("ECI"), and The Cordish Companies, Inc. ("Cordish" and collectively with Shark Bar, ARB, and ECI, "Defendants") (Plaintiff and Defendants are collectively referred to as

1

the "Parties"), the terms of which are set forth in the Stipulation of Class Action Settlement (the "Settlement"), Doc. 269-1, and Plaintiff's Motion for and Suggestions in Support of Attorneys' Fees, Expenses, and Incentive Awards, Doc. 284, the Court having been advised of the premises, and having duly considered the papers and arguments of all interested parties, and having held a Final Approval Hearing on August 15, 2023,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Unless defined herein, all capitalized terms in this order shall have the respective meanings ascribed to the same terms in the Settlement, Doc. 269-1.

2. This Court has subject-matter jurisdiction to approve the Settlement, including all attached exhibits, and personal jurisdiction over all Parties, including all Settlement Class Members.

3. On March 23, 2023, this Court preliminarily approved the Settlement, and certified, for settlement purposes, the following Settlement Class: all individuals who, on or after April 25, 2014, (i) received at least two text messages within a twelve-month period from any phone number associated with any of the named Defendant entities (ii) to a phone number included on the National Do-Not-Call Registry. (Doc. 277 ¶ 1.) Excluded from the Settlement Class are: (i) any Judge or Magistrate presiding over this action and members of their families, (ii) Defendants, Defendants' subsidiaries, parent companies, successors, and predecessors, and any entity in which Defendants or their parents have a controlling interest, (iii) persons who properly execute and file a timely request for exclusion from the Settlement Class or who properly executed and filed a timely request for exclusion from the certified class in the *Shark Bar* Case, (iv) the legal representatives, successors, heirs, or assigns of any such excluded persons, and (v) all individuals who, based on Defendants' transaction records, engaged in a

transaction with any Defendant and did not subsequently receive at least two text messages more than 18-months after the last transaction. (*Id.*) The Court now confirms final certification of the Settlement Class for purposes of entering final judgment.

4. Notice to the Settlement Class has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice—which included direct notice via email or U.S. Mail, and the creation of the Settlement Website—provided the best practicable notice under the circumstances reaching 85.6% of the Settlement Class; was reasonably calculated to apprise the Settlement Class of the pendency of the Actions and their rights to object to or exclude themselves from the Settlement and to appear at the Final Approval Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of this Court.

5. The Court finds that the appropriate government officials were properly and timely notified of the Settlement pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. (*See* Doc. 289-3 ¶¶ 3-4.) As required by CAFA, more than ninety (90) days have elapsed between the date since notice was provided pursuant to CAFA and the Final Approval Hearing.

6. The Settlement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of Ms. Laurel Stevenson, Director of the Western District of Missouri's Mediation and Assessment Program, and is supported by the Class Representative and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement

Class for purposes of entering into and implementing the Settlement.

7. The Court has considered each of the factors set forth in Federal Rule of Civil Procedure 23(e)(2) and settlement approval factors set forth by the Eighth Circuit. *See, e.g.*, *Pollard v. Remington Arms Co., LLC*, 896 F.3d 900, 907 (8th Cir. 2018). The Court finds that the Settlement is fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members in light of the complexity, expense, and duration of the litigation, the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal, and the lack of any objections to the Settlement by the Settlement Class. The consideration provided under the Settlement constitutes fair value given in exchange for the Released Claims. The Court finds that the consideration to be provided to Settlement Class Members is reasonable, considering the facts and circumstances of the claims and defenses available in the Actions and the potential risks and likelihood of success of alternatively pursuing litigation on the merits.

8. No Settlement Class Members have objected to any of the terms of the Settlement. No Settlement Class Members have submitted requests for exclusion in response to the Notice. However, Mr. Brian Harris, who submitted a request for exclusion in connection with the certified class in *Shark Bar*, is excluded from the Settlement Class.

9. The Settlement is hereby finally approved in all respects. The Parties and their counsel are directed to implement and consummate the Settlement according to its terms and conditions. The Parties and the Settlement Class Members are bound by the terms and conditions of the Settlement.

10. Other than as provided in the Settlement and this order, the Parties shall bear their own costs and attorneys' fees.

11. Subject to the terms and conditions of the Settlement, this Court hereby enters this Final Approval Order and dismisses the Actions on the merits and with prejudice.

12. Upon the Settlement's Effective Date, Plaintiff and each Settlement Class Member and their respective present or past heirs, executors, estates, administrators, assigns, and agents, and each of them, shall be deemed to have released, and by operation of this Final Approval Order shall have fully, finally, and forever released, acquitted, relinquished, and completely discharged Beach Entertainment KC, LLC d/b/a Shark Bar; ARB KC, LLC d/b/a Angels Rock Bar; The Cordish Companies, Inc.; and Entertainment Consulting International, LLC; and all of their present or former administrators, predecessors, successors, assigns, parents, subsidiaries, holding companies, investors, sister and affiliated companies, divisions, associates, affiliated and related entities, employers, employees, agents, representatives, consultants, independent contractors, directors, managing directors, officers, partners, principals, members, attorneys, vendors, accountants, fiduciaries, financial and other advisors, investment bankers, insurers, reinsurers, employee benefit plans, underwriters, shareholders, lenders, auditors, investment advisors, and any and all present and former companies, firms, trusts, corporations, officers and directors, from any and all actual, potential, filed, unfiled, past and present claims or causes of action, whether known or unknown (including "Unknown Claims" as defined in the Settlement) that the Class Representative and any member of the Settlement Class may have for any form of damages (whether statutory, punitive, exemplary or liquidated), expenses, costs, attorney's fees or obligations, whether in law or in equity, and whether based on federal, state, or local law, statute, ordinance, regulations, contract, common law or any other source, related to text messages sent or phone calls made in connection with Shark Bar or Angels Rock Bar, including any claims which were or could have been brought in the Actions, under the TCPA, 47

U.S.C. § 227, *et seq*., its implementing regulations, 47 C.F.R. § 64.1200, or any related state analogue.

13. Accordingly, the Settlement shall be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members and Releasing Parties with respect to the matters discussed in the foregoing paragraph.

14. The Parties may, without further approval from the Court, agree to and adopt such amendments, modifications, and expansions of the Settlement and its implementing documents (including all exhibits) that (i) shall be consistent in all material respects with this Final Approval Order; and (ii) do not limit the rights of Settlement Class Members.

15. The Court awards to Class Counsel a fair and reasonable attorneys' fee, which shall include all attorneys' fees and reimbursable expenses associated with the Actions, in the amount of $331,749.16. These amounts shall be paid by Defendants pursuant to the terms in the Settlement. In determining the attorneys' fee award, the Court has taken into account the ultimate reasonableness of the request in light of the twelve factors the Eighth Circuit considers in assessing such awards. *See In re Target Corp. Customer Data Sec. Breach Litig.*, 892 F.3d 968, 977 n.7 (8th Cir. 2018). The Court finds that the attorneys' fee award here, which equates to 33.33% of the value of the total Cash Relief available in connection with the Settlement, is in line with fee awards provided in similar cases in this District and is reasonable in light of both the substantial risk that Class Counsel took on in accepting the case and the excellent relief Class Counsel ultimately obtained for the Settlement Class.

16. The Court awards to Plaintiff J.T. Hand an incentive award of $15,000.00 for his time and effort serving the Settlement Class in this Actions. This amount shall be paid by

Defendants pursuant to the terms in the Settlement.

17. To the extent that any check issued to a Settlement Class Member pursuant to the Settlement is not cashed within ninety (90) days of issuance, such residual funds shall be redistributed to *cy pres* recipient Western Missouri Legal Aid.

18. Neither the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against any Defendant or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by any Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Actions or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing by any Defendant or any Released Party;

(b) offered by any person or received against any Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by any Defendant or any Released Party; or

(c) offered by any person or received against any Defendant or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

19. In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the

Effective Date does not occur, the Settlement shall become null and void and be of no further force and effect, neither the Settlement nor the Court's orders concerning settlement, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification and with respect to any claims or allegations in this Action.

20. Without affecting the finality of this Final Approval Order for purposes of appeal, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement and this Final Approval Order.

**IT IS SO ORDERED**.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 15, 2023
Jefferson City, Missouri